## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| PAUL HOFFMANN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 20-cv-2694 |
| | § | |
| COMPREHENSIVE HEALTH | § | |
| MANAGEMENT, INC. | § | |
| | § | |
| Defendant. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Paul Hoffmann files this original complaint against Comprehensive Health Management, Inc. ("CHM").

### Statement of the Case

While under the protection of the Family Medical Leave Act, CHM told Mr. Hoffmann that he must resign to keep his medical benefits or CHM would fire him and the benefits would be lost. Mr. Hoffmann had serious medical conditions related to a heart attack, stroke, and diabetes. This case is brought to enforce the rights that all Americans are guaranteed by the Family Medical Leave Act. Allowing a company to blatantly violate these rules endangers the safety of the community and is a blatant violation of federal law.

# 1.

## Parties

1.1    Paul Hoffmann is a resident of the State of Texas.

1.2    Comprehensive Health Management, Inc., ("CHM, Inc." or "CHM"), is domestic for-profit Texas corporation registered to do business in Texas. It may be served with process through its registered agent, CT Corporation System at 1999 Bryan St., Suite 9090, Dallas, Texas 75201, or as otherwise described in Rule 4 of the Federal Rules of Civil Procedure.

# 2.

## Jurisdiction and Venue

2.1    This Court has subject matter jurisdiction over the claims described in this Complaint pursuant to 28 U.S.C. § 1331, as Plaintiff alleges claims arising under the laws of the United States of America.

2.2    The Court has personal jurisdiction over Defendant as it continuously and systematically performs a substantial amount of business within the state of Texas, and moreover, is being sued for illegal conduct against the Plaintiff that occurred within the State of Texas and the Southern District of Texas. This Court has both general and specific jurisdiction over the Defendant.

# 3.

## Facts Supporting Relief

3.1     CHM, Inc., is a health care company providing various policies and plans for individuals who need health care insurance.  It employees more than 100 employees.

3.2     CHM hired Paul Hoffmann in 2014 as a Vice President, Analytical Services.  Mr. Hoffmann routinely earned more than $300,000.00 per year in salary and bonuses.

3.3     Mr. Hoffmann holds a BSBA and MIS from the University of Arizona and is a candidate for a Master of Science in Health Care Informatics from the University of San Diego.

3.5     As a Vice President in the Analytical Services division, Mr. Hoffmann was responsible for providing leadership and continuous improvement to data analytics and reporting processes.  Mr. Hoffmann oversaw a 12-person analytical staff with a budget of $1.1 million.

Mr. Hoffmann Has A Heart Attack.

3.6     On July 9, 2017, Mr. Hoffmann's heart failed.  He was rushed to the hospital for emergency open heart surgery.

3.7     Coinciding with heart failure, CHM placed Mr. Hoffmann on leave pursuant to the Family Medical Leave Act.

3.8     The doctors operated on Mr. Hoffmann for eight hours. During surgery, Mr. Hoffmann suffered a stroke that left him with permanent neurological problems, including dizziness and nausea.

3.9     The stroke also blinded Mr. Hoffmann in his left eye and resulted in serious macular degeneration in the right eye.

3.10    This condition also made it hard for Mr. Hoffmann to use a computer.

3.11    Mr. Hoffmann also suffers from severe anemia which affects his blood and kidney.

3.12    During rehabilitation following Mr. Hoffmann's stroke, he fell and broke his foot.

3.13    The doctors could not operate on Mr. Hoffmann due to his diabetes.

3.14    Therefore, Mr. Hoffmann's foot has healed improperly which makes it difficult for Mr. Hoffmann to walk.

3.15    Over the course of the next year and a half, Mr. Hoffmann on Short Term Disability and FMLA leave for various periods of time.

3.16    This chart identifies the time periods when Mr. Hoffmann was on leave.

| Claim ID | Reason | Benefit(s) | Start Date – Through Date | Status | Aetna Claim Representative |
|---|---|---|---|---|---|
| 19503396 | Employee's own illness | STD | Feb 15, 2019- NA | Closed | MUSTAPHA, ADAM |
| 19503397 | Employee's own illness | Fed FMLA | Feb 15, 2019- Feb 15, 2019 | Open | MUSTAPHA, ADAM |
| 18759613 | Employee's own illness | STD | Oct 08, 2018- NA | Closed | MUSTAPHA, ADAM |

| | Employee's own | Fed | | | |
|---|---|---|---|---|---|
| 18759614 | illness | FMLA | Oct 08, 2018- Nov 16, 2018 | Closed | MUSTAPHA, ADAM |
| 17965546 | Employee's own illness | STD | May 21, 2018- June 17, 2018 | Closed | MUSTAPHA, ADAM |
| 17965543 | Employee's own illness | Fed FMLA | May 21, 2018- June 15, 2018 | Closed | MUSTAPHA, ADAM |
| 17090313 | Employee's own illness | Fed FMLA | Dec 08, 2017- Jan 04, 2018 | Closed | GRIFFIN, DERRICA T |
| 17090013 | Employee's own illness | Fed FMLA | July 10, 2017- Sep 29, 2017 | Closed | GRIFFIN, DERR |

3.17 Mr. Hoffmann was on Short Term Disability from October 8, 2018 through November 16, 2018.

3.18 Mr. Hoffmann returned to work.

3.19 On November 26, 2018, Andrew Wenger, Mr. Hoffmann's immediate supervisor, returned from vacation and informed Mr. Hoffmann that he had been placed on Permanent Corrective Action Plan (CAP).

3.20 On January 16, 2019, Mr. Wenger, Mike Gerasimovich, Vice President of Medical Economics and Mr. Wenger's supervisor, and Adam Phoenix, Senior Director who would also be supervising Mr. Wenger, called Mr. Hoffmann in for a meeting.

3.21 At that meeting, Mr. Hoffmann was told that he had to resign by January 18, 2019, or CHM would place Mr. Hoffmann on another Permanent Corrective Action Plan and Mr. Hoffmann would be identified to future employers as "not eligible for rehire."

5

3.22 CHM told Mr. Hoffmann that the termination process would begin immediately and that he would be terminated, lose his medical benefits, and receive no severance.

3.23 CHM told Mr. Hoffmann that he had a choice.

3.24 CHM told Mr. Hoffmann that he could resign by January 18, 2019 (two days from the date of the meeting), and he would be listed as eligible for rehire to future employers, the fact that he was placed on Permanent Corrective Action Plan would not be disclosed, and Mr. Hoffmann would be paid until February 18, 2019.

3.25 Feeling overwhelmed, Mr. Hoffmann agreed to resign believing that he had no other choice.

3.26 Mr. Hoffmann knew how difficult it would be for him to find a job, with his health and age, being labelled as ineligible for rehire.

3.27 CHM gave Mr. Hoffmann a Hobson's choice; Mr. Hoffman had no real choice at all.

3.28 Mr. Hoffmann resigned on January 18, 2019.

3.29 Mr. Hoffmann was scheduled to be on FMLA leave starting February 15, 2019.

3.30 Mr. Hoffmann was previously on FMLA Leave and short-term disability during the relevant period when Mr. Hoffmann was forced to resign.

3.31   CHM interfered with and retaliated against Mr. Hoffmann for using his federally protected rights.

**4.**

**First Cause of Action (FMLA Interference)**

4.1   Mr. Hoffmann incorporates all other averments of fact into this cause of action as if repeated verbatim.

4.2   CHM was Mr. Hoffmann's employer, as that term is defined by the FMLA.

4.3   In January of 2019, Mr. Hoffmann was an eligible employee, as that term is defined by the Family Medical Leave Act (FMLA), 29 U.S.C. §2611(2). Specifically, Mr. Hoffmann had worked for CHM for more than one year; 50 or more CHM employees worked within a 75-mile radius of his primary worksite; and Mr. Hoffmann had worked at least 1,250 hours during the 12 months preceding his request for FMLA leave.

4.4   Mr. Hoffmann was scheduled to go on FMLA leave in February of 2019.

4.5   Mr. Hoffmann had previously been on FMLA leave for various medical conditions of which his supervisors and CHM were aware.  The conditions were serious health conditions for which Mr. Hoffmann was receiving ongoing medical care from a health care provider.

4.6     Mr. Hoffmann followed all proper procedure and provided all notice required by the law, if possible.

4.7     Regardless, CHM interfered with Mr. Hoffmann's rights by making him resign or be fired when he should have been protected by federal law.  See, 29 U.S.C. §2615(a)(1).

4.8     CHM interfered with Mr. Hoffmann's benefits provided by the Family Medical Leave Act.

4.9     CHM interfered by threatening Mr. Hoffmann with termination while Mr. Hoffman was still on FMLA leave and still receiving treatment.

4.10    CHM failed to protect Mr. Hoffmann's job as required by the FMLA.

4.11    CHM denied Mr. Hoffmann reinstatement to his same position or an equivalent position upon expiration of this FMLA leave.

4.12    CHM's actions have caused significant damages for Mr. Hoffmann, for which he now sues.  Mr. Hoffmann lost his job, his salary, his health insurance and his fringe benefits.

4.13    CHM's decision to terminate Mr. Hoffmann was an intentional and willful violation of the FMLA.

4.14    Mr. Hoffmann seeks recovery of compensation for his actual economic damages, his attorney's fees, his court costs, prejudgment interest as allowed by law,

and liquidated damages on account of the intentional and reckless nature of CHM's conduct.

4.15   Mr. Hoffmann was required to hire an attorney to prosecute these claims and seeks recovery of reasonable and necessary attorney's fees and costs.

**5.**

**<u>Second Cause of Action (FMLA Discrimination)</u>**

5.1   Mr. Hoffmann incorporates all other averments of fact into this cause of action as if repeated verbatim.

5.2   CHM discriminated and retaliated against Mr. Hoffman in violation of 29 U.S.C. §2615(a)(2) by terminating Mr. Hoffmann for exercising his right to take FMLA leave for his serious medical condition.

5.3   CHM told Mr. Hoffman that he would either be fired or he could resign if he wanted to take more leave.

5.4   Mr. Hoffmann had no choice.

5.5   CHM willfully and intentionally terminated Mr. Hoffmann in retaliation for Mr. Hoffmann's exercise of his FMLA rights.

5.6   Mr. Hoffman seeks recovery of compensation for his actual damages, his attorney's fees, his court costs, prejudgment interests as allowed by law, and liquidated damages on account of the intentional and reckless nature of CHM's conduct.

## Jury Demand

Mr. Hoffmann requests a trial by jury on all of his causes of action.

## Prayer for Relief

Wherefore, Plaintiff requests that the Defendant be cited to answer this Complaint and to defend against the allegations set forth herein. Plaintiff asks that the Court award:

a. Back pay;
b. Interest on back pay, pursuant to the FMLA;
c. Liquidated damages pursuant to the FMLA;
d. Reinstatement and/or front pay;
e. Compensatory and/or punitive damages;
f. Taxable court costs, including expert fees; and
g. Reasonable and necessary attorney's fees.

Respectfully submitted,

*/s/ Thomas H. Padgett, Jr.*
Thomas H. Padgett, Jr.
Texas Bar No. 15405420
Attorney-in-Charge
Vijay A. Pattisapu
Texas Bar No. 24083633
Josef F. Buenker
Texas Bar No. 03316860
The Buenker Law Firm
2060 North Loop West, Suite 215
Houston, TX 77018
Phone: 713-868-3388
Fax: (713) 683-9940
vijay@buenkerlaw.com
tpadgett@buenkerlaw.com

COUNSEL FOR PLAINTIFF